## Wytheville.

### LEWIS V. LEWIS.

June 14, 1917.

Absent, Burks, J.

1. CONFESSIONS—*Voluntary.*—A confession forced from the mind by the flattery of hope, or by the torture of fear, comes in so questionable a shape, when it is to be considered as the evidence of guilt, that no credit ought to be given to it, and therefore it is rejected.

2. DIVORCE—*Adultery—Evidence.*—Suit was brought by the plaintiff against the defendant to obtain a divorce on the ground of adultery. The charge of adultery was sought to be proved by a negro woman, a servant of the household, who, in effect, swore to the fact. The servant was plainly under the influence of the plaintiff, and her statements were improbable and inherently unreliable. A confession of the alleged paramour obtained by threats was also introduced. He testified that he protested his innocence at the time, and insisted that he was coerced by threats to sign the paper; that the statements it contained were utterly false, and that on no occasion had he been guilty of improper conduct with the defendant. In addition to the denials of defendant and her alleged partner in guilt, it was proved by several wholly disinterested witnesses that after the institution of the suit the plaintiff had on different occasions been seen by them in the company of the defendant caressing her, and that apparently the relations between them were of the most cordial and affectionate nature.

   *Held:* That, it is the settled rule that the evidence to sustain the charge of adultery, which is a criminal offense, must be clear and convincing; and, that the evidence in this case falls far short of that standard.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*Thos. W. Shelton* and *Alfred Anderson,* for the appellant.

*W. L. Williams, Tunstall & Thom,* for the appellee.

WHITTLE, P., delivered the opinion of the court.

This suit was brought by the appellant against the appellee to obtain a divorce on the ground of adultery, and from a decree denying the divorce and dismissing the bill this appeal was granted.

Though an answer under oath was waived, nevertheless, the defendant filed her answer duly sworn to, denying the charge of adultery in the most positive and explicit terms. She explains that Kirn (the alleged party to her guilt) all through her married life had been a frequent visitor at their home, both when the plaintiff was present and, at times, during his absence. His visits were entirely social, and made openly and with the knowledge of the plaintiff, and generally upon his invitation.

We deem it unnecessary to discuss the evidence in detail. The charge of adultery is sought to be proved by a negro woman, a servant of the household, who, in effect, swears to the fact, and by a so-called confession signed by Kirn. The servant was plainly under the influence of the plaintiff, and her statements are improbable and inherently unreliable. With respect to the alleged confession, the plaintiff employed two Washington city detectives to procure evidence against the defendant; and on the night of April 10, 1915, the plaintiff in company with one of these detectives (the other being stationed on the outside to watch) and another man, went to his house, and, finding Kirn there, the detective on threat, if he refused, to hand-cuff Kirn and take him to jail, procured his signature to the paper in evidence which was prepared by the detective. This paper contained a statement that Kirn on several occasions had been guilty of adultery with the defendant. Kirn,

however, testified that he protested his innocence at the time and refused to sign the paper until Mrs. Lewis requested him to do so, saying: "I would not go to jail for any man." Kirn's version of this affair is contradicted by the depositions of the men who accompanied plaintiff to his home. When these parties entered the house they discovered nothing of a compromising character in the conduct of Kirn and the defendant; and he insists that he was coerced by threats to sign the paper; that the statements it contains are utterly false; and that on no occasion had he been guilty of improper conduct with the defendant.

In *Hampton* v. *Hampton,* 87 Va. 148, 151, 12 S. E. 340, 341, the court quotes from Greenleaf on Evidence as follows: "A confession forced from the mind by the flattery of hope, or by the torture of fear, comes in so questionable a shape, when it is to be considered as the evidence of guilt, that no credit ought to be given to it, and therefore it is rejected." Greenleaf on Evidence, sec. 219.

In addition to the denials in the defendant's answer and in Kirn's deposition, it was proved by several wholly disinterested witnesses that after the institution of the suit the plaintiff had on different occasions been seen by them in company of the defendant caressing her, and that apparently the relations between them were of the most cordial and affectionate nature.

It is the settled rule that the evidence to sustain the charge of adultery, which is a criminal offense, must be clear and convincing, but the evidence in this case falls far short of that standard.

The decree appealed from is without error and must be affirmed.

*Affirmed.*